THIS was an action of assumpsit by Jacob Deakyne against George W. Buchanan, who were the sureties of Enoch J. Fleming, in his bond as the executor of Joseph Fleming deceased, for contribution as his co-surety in the bond. Joseph Fleming at the time of his death was indebted to Doct. Fitzler on a judgment bond for $602.00 on which judgment was entered against him in this court soon after his death, and his executor having failed to pay it, Fitzler instituted an action on the executor's bond against Deakyne severally for the amount of his judgment, in which the latter allowed judgment to go by default against him, and which, by consent of parties, was referred to referees to ascertain the amount of it, and which they afterward reported to be $591.70. On the 13th of November 1861, Deakyne paid the amount of it to Fitzler, and on the 10th of May 1864, this action for contribution was instituted by him against Buchanan, his co-surety in the executor's bond. Tried before Wootten and Houston Justices, Gilpin C. J. absent on account of illness.
G. B. Rodney, for the defendant, after the plaintiff had closed with the production of the record evidence in the case, contended that it should have been shown by the plaintiff that the original debt, or judgment of Fitzler against Joseph Fleming deceased, should have been paid by Enoch J. Fleming, his executor, and that he had, as such executor, sufficient assets in his hands which were applicable to the payment of it. That, however, had not been shown, and it would therefore appear to have been a voluntary payment purely by Deakyne, the surety, and for *Page 126 
which he could have no remedy or redress in an action at law against his co-surety for contribution. But it further affirmatively appeared by the evidence which he had produced, that in the action by Fitzler against Deakyne severally, the co-surety, and the plaintiff in the present action, he had suffered judgment to go against him by default, without controversy, defence, or inquiry, and by consent had permitted the matter to be referred out of court to referees to ascertain the amount of it, instead of requiring, as he should have done in such a case, if he intended to hold the defendant, his co-surety, liable to him for one-half of it, that it should be ascertained on a writ in the nature of a writ of inquiry by a jury at the bar of the court, at least. It was, therefore, he would repeat, a purely voluntary payment on his part of the original debt due to Fitzler from Joseph Fleming deceased, and for which no action would lie under the facts proved, against his co-surety for contribution. It was also barred by the plea of the statute of limitations.
T. F. Bayard, for the plaintiff. The judgment recovered by Fitzler against Deakyne the plaintiff, although by default, was not only final and conclusive as to the liability of the executor and the estate of Joseph Fleming to the former for the amount of his judgment against the latter, but it was also final and conclusive as to the liability of Deakyne, the plaintiff in this action, as one of the sureties of the executor of Joseph Fleming, to Fitzler for the amount of the judgment so recovered by the latter against him as such surety, and neither of the judgments therefore, nor the liabilities of the parties under them as just stated, could be controverted, or called in question in this, or any other collateral proceeding or action growing out of the transaction. It was not a case of guaranty as between the plaintiff and defendant in this suit, nor was it any thing approaching it. They together with Enoch J. Fleming, were all principals alike and jointly and severally liable as such, on the executor's bond of the latter, and *Page 127 
on which the action had been instituted and the judgment recovered solely against Deakyne by the plaintiff, Fitzler; and in this court, or in any other court of law, they could not be recognized or considered in any other light or character, than as principals alike. As he had before said, it was not a case of guaranty or indemnity, and therefore there was nothing in the legal relations, liabilities, or responsibilities subsisting between the parties to this action, or the parties to the executor's bond on the estate of Joseph Fleming, which required of the plaintiff in this action, as the defendant in the action of Fitzler upon it against him, for the relief, or protection, or benefit, or exemption of his co-surety in it, to defend or resist that action, when he well knew that as such surety, he had no defence whatever against it. If any proof, show, or even suggestion had been made on the other side, that there was any legal defence which might have been made by him against the action, it might possibly have changed the aspect of the case, and imposed such an obligation and duty upon the defendant. But no such proof, or suggestion even, had been made; and since there had been no such proof offered or allegation made on the other side, the inference that he had no defence whatever to it was irresistible and conclusive, otherwise he would have made it, because he has one-half of the judgment to pay at all events out of his own pocket. As to the plea of the statute of limitations, the amount of the judgment against the plantiff at the suit of Fitzler, was paid by him in less than three years prior to the commencement of the present action.
that the action would lie, that the defence was not available, and upon the facts proved the plaintiff was entitled to recover. *Page 128